See also the next case.

## Poterie *v.* Poterie Gas Company, Appellant.

[Marked to be reported.]

*Oil lease—Forfeiture—Preliminary injunction.*

A preliminary injunction will not be awarded against a lessee under a mining lease to restrain him from entering upon the premises, where it appears that the plaintiff, the lessor, had made a re-entry in the assertion of a disputed claim that the lessee had forfeited his rights under the lease, and the lessor's right to forfeit the lease is disputed on every ground on which he put it.

Argued Oct. 10, 1892. Appeal, No. 104, Oct. T., 1892, by defendant, from decree of C. P. Armstrong Co., March T., 1892, No. 300, granting a preliminary injunction. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Bill in equity to restrain the defendant from entering upon land claimed by plaintiff, and interfering with gas well. The facts are the same as in the preceding case.

*Error assigned* was decree, quoting it.

*J. W. Reed*, with him *C. S. Crawford, Orr Buffington* and *W. D. Patton*, for appellant.—A complainant is not entitled to a preliminary injunction to protect a right which depends on a disputed question of law: 10 A. & E. Ency. Law, 787 ; Washburn's Ap., 105 Pa. 480 ; Rhea v. Forsyth, 37 Pa. 503 ; Waring v. Cram, 1 Parsons, 516 ; Brown's Ap., 62 Pa. 17 ; Harkinson's Ap., 78 Pa. 196 ; Patterson's Ap., 129 Pa. 109 ; Duncan v. Iron Works, 136 Pa. 478 ; Westmoreland N. Gas Co. v. De-Witt, 130 Pa. 236.

*A. L. Large, M. F. Leason* with him, for appellee.

OPINION BY MR. CHIEF JUSTICE PAXSON, January 3, 1893 ·

This was an appeal from the decree of the court below granting a preliminary injunction against the appellant company.

The decree is reversed at the costs of the appellee, and the preliminary injunction is dissolved.